IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEV IYER,<br>          Plaintiff,<br>     vs.<br>MARK W. EVERSON, COMMISSIONER,<br>INTERNAL REVENUE SERVICE,<br>JOHN P. SNOW, SECRETARY, DEPARTMENT OF THE TREASURY,<br>          Defendants | Case No.:<br><br>**DOCKET NO.**<br><br><br><br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Now comes the above named plaintiff, by and through his attorney, Gregory J. Spadea, Esquire, of Spadea and Associates,LLC, and for a cause of action against the defendant alleges and shows to the Court as follows:

### I.   NATURE OF THE CASE

(1) This complaint is filed by Mr. Dev Iyer, an asian indian employee, aged 51, of the Internal Revenue Service, from June 1991 to January 2002 at the Internal Revenue Service Pennsylvania District.  He brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

(2) This action seeks declaratory, injunctive, compensatory and other equitable relief, including attorney fees and costs from discrimination in employment against the plaintiff, on account of his race, in violation of Section 717 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. *et seq.*, the Fair Labor Standards Act of 1938, 52 Stat. 1060; 29 U.S.C. Sec. 201 *et seq.*, as amended by the Equal Pay Act, 77 Stat. 56; 29 U.S.C. Section 206(d).  This action also alleges discrimination based and arising out of plaintiff's religion, gender, national origin as also due to retaliation for filing prior EEO and EEO related complaints and causes of action and for defendant creating a hostile work environment.  Additionally, an additional equal amount as liquidated wages is also sought under the Fair Labor Standards Act and Equal Pay Act.

## II.  JURISDICTION

(3) The jurisdiction of this Court is invoked pursuant to (i) Section 717(c) and Section 706 of the Title VII, 42 U.S.C. Section 200e-16(c) and Section 2000e-5, and 28 U.S.C. Section 1343(4); (ii) the Age Discrimination in Employment act of 1967, as amended, 29 U.S.C. Section 621 *et seq.,* and jurisdiction pursuant to 29 U.S.C. Section 621 *et seq.;* (iii) the Fair Labor Standards Act of 1938, 52 Stat. 1060; 29 U.S.C. Sec. 201 *et seq.,* as amended by the Equal Pay Act, 77 Stat. 56; 29 U.S.C. Sec. 206(d).

## III. VENUE

(4) This action properly lies in the Eastern District of Pennsylvania pursuant to 29 U.S.C. Section 621 *et seq.,* because the unlawful employment practice was committed in this judicial district and the plaintiff resides in this judicial district.

## IV.  PARTIES

(5) Plaintiff is a colored asian, indian, male citizen and resident of the United States.  Plaintiff is of asian indian origin and of hindu religious faith. At the time of the claimed unlawful acts of the defendants, he was 46 years old.

**(6)** Benjamin Franklin Rogers was the District Director of the erstwhile Pennsylvania District of the Internal Revenue Service (hereinafter referred to as IRS), which is an agency within the Department of Treasury.  The IRS is an employer, engages in an industry affecting commerce, employs more than twenty (20) regular employees, and is a federal executive agency as defined in Section 105 of title 5, United States Code.

**(7)** Eleanor Jacobs was the Chief of Quality Measurement Staff at IRS, a 5 USC 105 agency.

**(8)** Ann Marie "Molly" Smith was the branch chief in the Examination Division at IRS, a 5 USC 105 agency.

**(9)** John E. Boehm was the Chief of Examination Division at IRS Pennsylvania District, a 5 USC 105 agency.

**(10)** George B. Mullin was the Quality Measurement Staff, Branch Chief at the IRS, a 5 USC 105 agency.

**(11)** John Kaffenberg, Examination Manager Division, International and Economists, at the IRS, a 5 USC 105 agency.

**(12)** Wayne Beyer was the Chief of Examination of the New Jersey District at IRS, a 5 U.S.C. 105 agency.

**(13)** Henry Singleton was the IRS' Examination Division Manager in Philadelphia, Pennsylvania.

**(14)** Thomas Britt was the Examination Division Branch Chief, at IRS, a 5 USC 105 agency.

### V.   FACTS

(15) Plaintiff was an Internal Revenue Agent at the IRS King of Prussia, Pennsylvania office from 1993 through 1998.  Plaintiff was supervised by manager William Bennett from 1993 through November 1998.

(16) Plaintiff filed an EEO discrimination complaint against the Internal Revenue Service in November 1998, for an illegal and improper involuntary reassignment to the IRS Problem Resolution Program in a clerical capacity in Philadelphia, Pennsylvania.

(17) In November 1998, plaintiff was involuntarily reassigned to the Problem Resolution Program (PRP) in the Quality Measurement Staff for a two-year detail in IRS, Philadelphia, Pennsylvania.

(18) Plaintiff was supervised by George B. Mullin, Section Chief in IRS, Quality Measurement Staff in the Examination (audit) Division.

(19) From November 1998 through September 1999, IRS management refused to assign plaintiff job related critical work that of Internal Revenue Agent Reviewer, even though such critical work was given to other Internal Revenue Agent Reviewers: Frank Meyers, Mark Teodoro, Vince Weltz, Diane Warcola, W. Bob Costa.

(20) From November 1998 through September 1999, IRS management refused and failed to grant plaintiff administrative time-off to travel to the "detail" job (temporary assignment location), even though other IRS employees and managers Mary Taylor, Kathleen Schaeffer and Diane Heasley were routinely and as-a-matter-of-course received administrative time-off to travel to "detail" (temporary assignment) job.

(21) In November 1998 IRS management denied plaintiff appropriate training for the technical aspects of the problem resolution program and the use of the problem resolution management information system ("PROMIS") even though such training was routinely given to other employees.

(22) On or around March 29, 1999, Group Manager George B. Mullin intentionally and deliberately failed to certify forms 9511A and 9512A necessary to apply for the position of supervisory tax examining assistant GS-592-12, vacancy announcement: MEL-MPL-99-42S.

(23) In May of 1999 plaintiff was denied a promotion to the position of Internal Revenue Agent (PSP Coordinator) GS-512-12, vacancy announcement number: 995202B, even though plaintiff had the highest evaluation ranking number.  Three other employees with lower evaluation numbers were promoted and plaintiff was denied promotion.

(24) IRS management failed to follow its own ranking procedures in the promotion package for announcement number 995202B for Internal Revenue Agent (PSP Coordinator) GS-512-12.

(25) In or around May of 1999, plaintiff was not given a fair chance and opportunity to compete for a managerial position GS-512-11 Office Auditor position in the Quality Measurement Section.

(26) Between October 1998 and September 1999, plaintiff was berated, humiliated, abused and exposed to a acidic hostile work environment that was created by the IRS and its staff and managers when branch chief Eleanor Jacobs made fun of plaintiff's accent, religion and his looks by comparing his looks to that of "Saddam Hussein."

(27)   Between October 1998 and September 1999, manager George B. Mullin created a hostile work environment by allowing and putting up a poster of Saddam Hussein at work place notice board with notations and comments connecting the poster to plaintiff and refusing to remove the poster.

(28)   Between October 1998 and September 1999, manager George b. Mullin created a hostile work environment by issuing a bogus memorandum on June 2, 1999, and when plaintiff refused to accept the memorandum, manager Mullin threatened plaintiff with racial epithets which included statements such as that plaintiff will end up running an "seven-eleven" store.

(29)   On June 7, 1999, manager George B. Mullin harassed and threatened plaintiff by stating that if plaintiff did not accept the IRS Oakland, California job offer, "we will get you, one way or another."

(30)   From November 1998 through June 1999, plaintiff performed higher graded duties without appropriate compensation.

(31)   Plaintiff was illegally and improperly denied a IRS promotion opportunity to the position of Industry Economist, GS-0110-12/13, announcement number: 99NJ084P even though plaintiff received a ranking of 43.57 as compared to selectee Kevin McKesey's ranking of 39.86 and that IRS refused to select plaintiff when McKesey turned down the position even though plaintiff was next in the promotion certificate.

(32)   Plaintiff was denied promotion to Internal Revenue Agent (Employment Tax) GS-512-12 announcement number: 9952098B and Internal Revenue Agent, (Excise Tax) GS-512-11 as retaliation for filing EEO complaints and grievances.

## VI.   EXHAUSTION

(33)   Plaintiff was given an administrative hearing by attorney-examiner Susan Arnold Flynn of the Philadelphia Equal Employment Opportunity Commission resulting in denial of all of plaintiff's claims.

(34) Plaintiff appealed attorney-examiner Flynn's decision to the Office of Federal Operations which resulted in a denial of all of plaintiff's claims including Flynn's illegal conflict-of-interest and improper liaison with IRS attorney David Jay Markman and a finding to this effect by the Equal Employment Opportunity Commission Inspector General.

(35) On April 24, 2004, plaintiff received right to file a civil action in a federal district court.

## VII. CLAIMS

(36) Whether plaintiff was discriminated against because of his: age (date of birth: July 11, 1953); sex (male); race (asian); national origin (asian indian); color ( black); religion (hindu); or retaliation for prior EEO activity and creation of a hostile work environment. The factors for the court to consider:

- In his assignments from November 1998 and continuing;

- When he was not granted administrative time to travel while on "detail" beginning in November 1998;

- When he was denied training beginning in November 1998;

- When he was not selected for promotion to various positions : Supervisory Tax Examining Assistant, Planning and Special Programs Coordinator, Internal revenue Agent, Industry Economist, Employment Tax specialist, Office Audit Manager in the Quality Measurement Section, rotational assignment to Excise Tax Auditor;

- When he was constantly and repeatedly harassed by IRS management ;

- When he was not compensated at the higher level although he was performing higher graded duties;

## VIII.   PRAYER   FOR   RELIEF

(37) WHEREFORE, plaintiff respectfully requests that this court:

- (a) Enter a declaratory judgment, pursuant to 28 U.S.C. Sections 2201 and 2202, that defendant's failure to promote plaintiff to various positions as detailed in the claim and aforesaid pleading was unlawful discrimination against plaintiff on account of his race, age, sex, religion, national origin, color in violation of Title VII of the Civil Rights Act of 1964, as amended and the Age Discrimination in Employment Act, as amended and all other federal laws;

- (b) Issue a mandatory injunction directing the defendant to promote the plaintiff retroactively to June 1999 as an Industry Economist GS-512-12/13, or an equivalent position at the appropriate step and grade level;

- (c) Enter a judgment against the defendant and in favor of plaintiff in the amount of back pay and front pay owed the plaintiff by virtue of the said retroactive promotion, together with prejudgment interest thereon at the applicable adjusted prime rates from the date on which such wages should have been paid, post-judgment interest, and all other benefits incident to the GS-12/13 position, including, but not limited to, within grade step increases and appropriate adjustments to plaintiff's retirement account;

- (d) Enter a judgment against the defendant and in favor of the plaintiff for out of pocket expenses and incidental financial losses incurred by plaintiff on account of defendant's unlawful and racially discriminatory employment practices as aforesaid;

- (e) Enter a judgment against the defendant and in favor of the plaintiff in the

          amount of $300,000 for compensatory damages;

(f)    Enter a judgment for the plaintiff of the reasonable attorney fees and costs pursuant to Section 706(k) of Title VII, 42 U.S.C. Section 2000e-5(k); and

(g)    Award plaintiff such further and additional relief as the Court may deem just and proper.


Respectfully Submitted,


Dated this 27th day of May, 2004

By:

GREGORY J. SPADEA, ESQ.
**Attorney for Plaintiff**
**Attorney ID # 84882**
**204 East Chester Pike**
**P. O. Box 152**
**Ridley Park, Pa. 19078.**
**(610) 521-0600 (voice)**
**(610) 521-4515 (fax)**

-8-